**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,** *Plaintiff,* | § § § | |
| **v.** | § § | **Civil Action No. 4:25-cv-01078-JDK** |
| **JOHN STROH AND ANNA MARIE STROH,** *Defendants.* | § § § § | |

---

**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

---

Plaintiff Liberty Mutual Personal Insurance Company ("Liberty") files this Reply in Support of its Motion for Protective Order under Federal Rules of Civil Procedure 26(c) and 30(b)(6), and would respectfully show the Court the following:[1]

**I.**

1. When a corporate representative is designated for deposition on certain topics, that testimony is binding on the corporation, and the corporate party has the burden of preparing the witness to testify regarding the noticed topics. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). Accordingly, topics must be limited such that they are relevant and proportionate to the matters at hand. *See, e.g.*, *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 367-368 (N.D. Tex. 2013). In response to John Stroh's open-ended proposed topics, Liberty proposed narrowing six topics so that they relate to the issues in this case. *See* Ex. A to Liberty's Motion [Dkt. 65-2]. John Stroh's counsel rejected the proposed narrowing wholesale. *See Id*.

---

[1] As a preliminary matter, if Liberty's pending Motion for Partial Summary Judgment [Dkt. 52] is granted in its favor, most of the discovery issues before the Court would likely become moot.

2. John Stroh's Response to Liberty's Motion for Protective Order [Dkt. 71] ("Response") makes little argument that the information Liberty seeks to remove by narrowing the proposed topics is relevant or proportional to the needs of this matter. Instead, the Response argues that Liberty fails to state specific facts in support of its unduly burdensome objections. But Liberty's Motion states facts sufficient for the Court to determine that John Stroh's requests are unduly burdensome and not proportionate to the needs of the case, which is a low bar when the topics are patently overbroad and irrelevant. *See*, *e.g.*, *Torrey v. Infectious Diseases Soc'y of Am.*, 334 F.R.D. 79, 84 (E.D. Tex. 2019) (finding the burden of preparing a witness on broad guidelines outweighs its likely benefit). Regarding burden, John Stroh relies on *Meisenheimer v. DAC Vision Inc.*, No. 3:19-cv-1422-M, 2019 WL 6619198, at *2 (N.D. Tex. Dec. 4, 2019), which is wholly inapposite. *Meisenheimer* dealt with a motion to quash a deposition entirely, not to narrow topics, and the movant's argument concerned the sequence of depositions, which the court determined had no legal merit. *Meisenheimer*, 2019 WL at *3.

3. The Response argues that Topics 8, 10, and 11 seek relevant guidelines, and that Liberty's proposed narrowing is too narrow. But the Response fails to address the extreme overbreadth of the proposed topics, on which Liberty would have to prepare its representative. *See* Ex. A. to Liberty's Motion, nos. 8, 9, 10 [Dkt. 65-1]. The Response does, however, suggest that should the Court find Topic 8 overbroad, it should limit the request by time, state, or claim type—the kind of narrowing that John Stroh was previously unwilling to consider. *See* Response ¶ 14. Further, John Stroh's allegation that he simply cannot tailor a proper topic on claims guidelines "*because Liberty refuses to produce the guidelines its Motion says are relevant to the claims at*

*issue,*" Response ¶ 8, is a problem of John Stroh's making, in drafting similarly blunderbuss requests for production and refusing to narrow those requests as well.[2]

4. Finally, to the extent that Liberty's proposed narrowing of Topics 12 and 13 to "supervisors, claim managers, and adjusters" does not include the investigator of the Special Investigative Unit, Liberty has no objection to including the Special Investigative Unit investigator in those topics. Indeed, John Stroh has requested, and Liberty has agreed to, the separate deposition of investigator Shawn Asselin—the one SIU investigator involved in the subject claims.

**II.**

For the foregoing reasons, Liberty Mutual Personal Insurance Company respectfully requests that the Court grant its Motion [Dkt. 65] and enter its proposed protective order [Dkt. 66].

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: *_/s/ Catherine L. Hanna_*
Catherine L. Hanna
State Bar No. 08918280
channa@hannaplaut.com
Alexander P. Sheppard
State Bar No. 24106427
asheppard@hannaplaut.com

**ATTORNEYS FOR PLAINTIFF LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**

[2] These requests for production are included in John Stroh's separate Motion to Compel [Dkt. 44].

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

Daena Goldsmith Ramsey
Shields Legal Group, P.C.
A Professional Corporation
16400 Dallas Parkway, Suite 300
Dallas, Texas 75248
*Attorney for Defendant John Stroh*

***Via Email: dramsey@shieldslegal.com***

Carlisle A. Braun
Regina Schneider
Braun Law Group, PLLC
7300 Highway 121, Suite 300
McKinney, Texas 75070
*Attorneys for Defendant Anna Marie Stroh*

***Via Email: filings@braunlawgrp.com***

*/s/ Catherine L. Hanna*
Catherine L. Hanna